UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD HARDRICK,

                Plaintiff,              Civil Action No. 20-12258

v.                                              Gershwin A. Drain
                                              United States District Judge

REGINA JENKINS-GRANT,          David R. Grand
et al.,                                         United States Magistrate Judge

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 21)**

*Pro se* plaintiff Bernard Hardrick ("Hardrick"), who is incarcerated within the Michigan Department of Corrections ("MDOC"), brings this civil rights action pursuant to 42 U.S.C. § 1983, against MDOC employees Regina Jenkins-Grant, Julie Tolley, "Sgt. Transfer Coordinator," and Brannon Frieburger (collectively, "Defendants"). (ECF No. 1).

On July 2, 2021, Defendants Jenkins-Grant and Frieburger filed a Motion for Partial Summary Judgment on the Basis of Exhaustion. (ECF No. 21). Hardrick filed a response[1], and Defendants filed a reply. (ECF Nos. 22, 24). An Order of Reference was entered on November 1, 2021, referring all pretrial matters to the undersigned pursuant to 28 U.S.C.

---

[1] After he filed his response, Hardrick filed a motion asking the Court to serve one of the exhibits to his motion on Defendants as he sent his only copy of that document to the Court as part of his response. (ECF No. 23). Because the exhibit is now part of the record and available to Defendants, Hardrick's motion **(ECF No. 23)** is **DENIED AS MOOT**.

§ 636(b). (ECF No. 26). The Court held oral argument on January 31, 2022. For the detailed reasons stated on the record and below, Defendants' motion lacks merit and should be denied.

- **Grievances MRF-19-08-1239-28a and MRF 19-09-1285-28a** – these grievances were rejected as "duplicative"; the 1285 grievance was allegedly duplicative of the 1239 grievance, and the 1239 grievance was allegedly duplicative of an earlier grievance, MRF 19-08-1182-17b. In their summary judgment motion, Defendants seem to argue that because these grievances were rejected, the underlying claims are "unexhausted." However, Defendants did not make any effort to establish that these two grievances actually were duplicative of any other grievance. As this Court has previously explained numerous times, merely pointing to a rejected grievance is insufficient to establish entitlement to summary judgment on the basis of exhaustion. *See Johannes v. Washington*, No. 14-11691, 2016 WL 1253266, at *6 (E.D. Mich. Mar. 31, 2006) (rejecting an argument that a grievance was unexhausted merely because it was rejected as "duplicative" of a prior grievance, reasoning that "[i]f this were the case, a prisoner would be barred from filing suit even if the grievance screener incorrectly rejects his grievance as duplicative.").[2] Moreover, the 1285 grievance was not duplicative of the 1239 grievance as they relate to events occurring on different dates and, at least to some degree, different subjects (retaliatory unit transfer vs. retaliatory loss of a prison job). And, the 1239 grievance was not duplicative of the 1182 grievance because the 1182 grievance did not specify the alleged wrongdoer, whereas the 1239 grievance did. And, had Hardrick fully exhausted the 1182 grievance and not filed the 1239 grievance, he could have faced an argument that the claim was unexhausted as to Jenkins-Grant for failing to specifically identify her. Accordingly, summary judgment as to the claims raised in the 1239 and 1285 grievances should be denied.

- **Grievance MRF-19-12-1698-17b** – Defendants argue that this grievance did not exhaust any claims against Jenkins-Grant because Hardrick filed it too soon. However, this is not accurate. Hardrick presented evidence that he submitted his Step III response on March 18, 2020, and he filed his complaint more than 60 business days later, on June 19, 2020. The MDOC's Policy

---

[2] *See also United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) ("[I]ssues averted to in some perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

>Directive on this issue merely states, "Generally, Step III responses will be responded to within 60 business days." Even assuming this provision requires an inmate to wait 60 business days after submitting his Step III appeal before filing suit, Hardrick did so here. While the MDOC may have had very legitimate reasons for taking longer than 60 business days to respond to Hardrick's Step III appeal, Hardrick's filing of his civil complaint after 60 business days passed cannot be said to have violated the MDOC's grievance procedures. Accordingly, Defendants' argument that the 1698 grievance failed to properly exhaust the claims raised therein lacks merit, and summary judgment on this issue should be denied.

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion for Partial Summary Judgment on the Basis of Exhaustion **(ECF No. 21)** be **DENIED.**

Dated: January 31, 2022  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2022.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager